# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaTONIA JONES.<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CORIZON HEALTH, et al.,<br><br>　　　　　Defendants. | Case No. 1:16-cv-01055-SKO (PC)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**(Doc. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

## INTRODUCTION

**A.　Background**

Plaintiff, LaTonia Jones, is a county jail inmate, proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. As discussed below, Plaintiff fails to state a cognizable claim upon which relief may be granted as she fails to link her allegations to any individual defendant. Thus, the Complaint is **DISMISSED** with leave to amend.

**B.　Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been

1

paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

Further, "repeated and knowing violations of Federal Rule of Civil Procedure 8(a)'s 'short and plain statement' requirement are strikes as 'fail[ures] to state a claim,' 28 U.S.C. § 1915(g), when the opportunity to correct the pleadings has been afforded and there has been no modification within a reasonable time." *Knapp v. Hogan*, 738 F.3d 1106, 1108-09 (9th Cir. 2013).

## 2. Federal Rule of Civil Procedure 18(a) & 20(a)(2)

Federal Rule of Civil Procedure 18(a) allows a party asserting a claim for relief as an original claim, counterclaim, cross-claim, or third-party claim to join, either as independent or as alternate claims, as many claims as the party has against an opposing party. However, Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997); *Desert Empire Bank v. Insurance Co. of North America*,

623 F.3d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the additional claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

The Court must be able to discern a relationship between Plaintiff's claims or there must be a similarity of parties. The fact that all of Plaintiff's allegations are based on the same type of constitutional violation (i.e. retaliation by different actors on different dates, under different factual events) does not necessarily make the claims related for purposes of Rule 18(a). All claims that do not comply with Rules 18(a) and 20(a)(2) are subject to dismissal. Plaintiff is cautioned that if she fails to elect which category of claims to pursue and her amended complaint sets forth improperly joined claims, the Court will determine which claims should proceed and which claims will be dismissed. *Visendi v. Bank of America, N.A.*, 733 F3d 863, 870-71 (9th Cir. 2013). Whether any claims will be subject to severance by future order will depend on the viability of claims pled in the amended complaint.

### 3. Linkage and Causation

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each individual defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013); *Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the

presentation of factual allegations sufficient to state a plausible claim for relief.  *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.  Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor.  *Hebbe*, 627 F.3d at 342.

Plaintiff names Corizon Health ("Corizon") Care Staff and Fresno County Jail ("FCJ") Administration Staff as the only defendants in this action.  However, these entities are not individual state actors under § 1983.  Thus, Plaintiff must name the individuals at Corizon whom she believes are responsible for violating her civil rights for the alleged lack of treatment for her infection and the conditions at the FCJ which she believes caused her to contract the infection.  These individuals must also be specifically linked to Plaintiff's factual allegations.

**DISCUSSION**

**A.     Plaintiff's Allegations**

Plaintiff is currently incarcerated at the FCJ.  Plaintiff alleges that the conditions at the FCJ caused her to contract an infection which resulted in a bumpy, itchy skin rash.  Plaintiff has been seen by various Corizon staff members who ordered blood tests which indicated she has an infection.  Although Corizon staff indicated they are going to refer Plaintiff to a specialist because they do not know how to treat her infection, Plaintiff has never received any treatment -- even ointment to help with the itch from the rash, let alone referral to a specialist.

Plaintiff's allegations are not cognizable as she has not sufficiently linked them to any individual state actors so as to be able to proceed under § 1983.  Thus, she is given the pleading requirements and legal standards for her stated claims and opportunity to file a first amended complaint.

**B.     Legal Standards**

**1.     Deliberate Indifference**

**a.     Conditions of Confinement**

The Eighth Amendment protects prisoners from inhumane methods of punishment and

from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted). To establish a violation of the Eighth Amendment, the prisoner must "show that the officials acted with deliberate indifference. . . ." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002).

The deliberate indifference standard involves both an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious." *Farmer* at 834. Second, subjectively, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Id.* at 837; *Anderson v. County of Kern*, 45 F.3d 1310, 1313 (9th Cir. 1995).

For screening purposes, Plaintiff's rash and infection are sufficiently serious to meet the objective prong. However, Plaintiff's allegations fail to meet the subjective prong. Specifically, Plaintiff fails to show that any FCJ employees knew she was exposed to mold and rust which caused her to contract an infection.

### b. Serious Medical Needs

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second,

the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at 1122; *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). For screening purposes, Plaintiff's blood infection, which resulted in an itchy, bumpy skin rash is accepted as a serious medical need.

As to the second prong, deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). "A prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974 F.2d at 1060.

Deliberate indifference is a high legal standard. *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the

7

Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

As discussed above, Plaintiff's allegations are not cognizable as she fails to link any individual to her inability to obtain treatment for her infection and rash.

### 2. Supervisory Liability

It is insufficient for Plaintiff to name the Fresno County Sheriff in place of FCJ or the Medical Director instead of Corizon simply based on their supervisory position. Generally, supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* -- when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under this theory, Plaintiff must allege some facts that would support a claim that supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

To establish this, "a plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991)(internal quotation marks omitted)(abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," *id*. (alteration in original; internal quotation marks omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably

should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco,* 266 F.3d 959, 968 (9th Cir.2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted).

Plaintiff's allegations could be construed to allege that by reviewing Plaintiff's IAs on this issue, supervisory personnel knew that she was being exposed to mold and rust which caused her to contract an infection, resulting in a skin rash. It is true that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure), citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982) *accord Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner). However, a plaintiff may "state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates," *Starr v. Baca,* 652 F.3d 1202, 1207 (2011), which may be shown via the inmate appeals process where the supervisor reviewed Plaintiff's applicable inmate appeal and failed to take corrective action, thereby allowing the violation to continue.

To be liable in a supervisorial capacity, Plaintiff must first state cognizable claims against Warden Holland's subordinates, which as discussed above, Plaintiff has not done.

### 3. Inmate Appeals

Plaintiff may believe various individuals are liable based on their involvement in the processing, and reviewing of her inmate appeals related to her exposure to the conditions which she contends caused her to contract an infection as well as the delay of treatment for her medical

9

condition.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." *Azeez v. DeRobertis,* 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability in a § 1983 action. *Buckley*, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007) citing *Greeno v. Daley*, 414 F.3d 645, 656-57 (7th Cir.2005); *Reed v. McBride*, 178 F.3d 849, 851-52 (7th Cir.1999); *Vance v. Peters*, 97 F.3d 987,

992-93 (7th Cir.1996).

Thus, since she has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff is unable to prove the elements of a constitutional violation purely for the processing and/or reviewing of inmate appeals. Plaintiff, however, may be able to prove the elements for a claim under the Eight Amendment for deliberate indifference to her serious medical needs against those medical personnel who were involved in reviewing her inmate appeals if they had both medical training and the authority to intercede and/or to take corrective action. If Plaintiff meets this burden of proof as to the elements of a claim against a defendant for deliberate indifference to her serious medical needs, she will likely also be able to meet her burden as to the elements of a claim against defendants with medical training if Defendants reviewed and ruled against Plaintiff in her medical grievances/appeals on that same issue.

Further, at least one Appellate Circuit has held that "[o]nce a [non-medical] prison grievance examiner becomes aware of potential mistreatment, the Eight Amendment does not require him or her to do more than 'review [the prisoner's] complaints and verif[y] with the medical officials that [the prisoner] was receiving treatment." *Greeno*, 414 F.3d at 656 citing *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004) (non-physician defendants cannot "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor" and if "a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.") This Court concurs with the analysis in *Greeno* and *Spruill*. Thus, non-medical prison personnel, and lower medical staff such as nurses and/or medical technicians, cannot be held liable for their involvement in processing and/or ruling on inmate appeals for medical issues where the inmate is under the care of a physician for the issues raised.

//

//

//

11

**ORDER**

For the reasons set forth above, Plaintiff's Complaint is dismissed with leave to file a first amended complaint within **thirty (30) days**. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than **thirty (30) days** from the date of service of this order.

Plaintiff must demonstrate in any first amended complaint how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is further reminded that an amended complaint supercedes the original, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with opportunity to amend to cure the deficiencies identified by the Court in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

//

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's Complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and
4. **If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order**.

IT IS SO ORDERED.

Dated: **May 22, 2017**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE