# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LaTONIA JONES, | Case No. 1:16-cv-01055-SKO (PC) |
| Plaintiff, | |
| v. | **ORDER DISMISSING CASE FOR PLAINTIFF'S FAILURE TO PROSECUTE** |
| CORIZON HEALTH, et al., | |
| Defendants. | |

Plaintiff, LaTonia Jones, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 22, 2016. The First Informational Order issued on July 25, 2016, (Doc. 3), informing Plaintiff of her continuing duty to keep the Court notified of her correct address. (Doc. 3, p. 5.) An order screening and dismissing Plaintiff's Complaint with leave to amend was issued and served on Plaintiff on May 22, 2017. (Doc. 8.) That order was returned by the United States Postal Service as "Undeliverable, Not in Custody" on May 30, 2017. Plaintiff has neither filed a notice of change of address, nor had any further contact with the Court regarding this case.

Rule 183(b) of the Local Rules for the Eastern District of California provides, "If mail directed to a plaintiff *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.[1]

---
[1] Courts may dismiss actions *sua sponte* under Rule 41(b) based on the plaintiff's failure to prosecute. *Hells Canyon*

1

Although Plaintiff's address change was due by August 7, 2017, she failed to file a change of address and has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case has been pending for more than a year. The expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227. With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *Id.* at 1228. Finally, given the Court's inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute. *In re PPA,* 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441.

Accordingly, it is **HEREBY ORDERED** that this action is dismissed, without prejudice, due to Plaintiff's failure to prosecute the action. Fed. R. Civ. P. 41(b); Local Rule 183(b).

IT IS SO ORDERED.

Dated: **August 16, 2017**　　　　　　　　　/s/ *Sheila K. Oberto*
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

---

*Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (citation omitted).